

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| ANNETTE PATTERSON, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:15-04112-MGL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claims for DIB and SSI be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 23, 2016, and Plaintiff filed her objections on September 9, 2016. The Court has carefully reviewed Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff protectively filed her application for DIB and SSI on October 26, 2011, asserting her disability commenced on June 1, 2011. Later, Plaintiff's attorney moved to amend the alleged onset date to February 28, 2013, to coincide with Plaintiff's fiftieth birthday. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on September 19, 2013. Then, on December 13, 2013, the ALJ issued a decision finding Plaintiff was not disabled under the Act. Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Thereafter, Plaintiff filed suit in this Court, seeking judicial review of Defendant's final decision denying her claims.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to

perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.

2005) (per curiam) (citation omitted) (alteration omitted).  The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff raises two specific objections to the Magistrate Judge's Report.  The Court will address each one in turn.

First, Plaintiff asserts the Magistrate Judge erred by misapprehending her argument regarding the opinion of Dr. Carol Benoit, a consultative physician.  ECF No. 19 at 2.  Specifically, Plaintiff avers "[t]he ALJ failed to connect her assertion that Dr. Benoit's findings were given 'substantial weight' with her own RFC finding [that] Ms. Patterson could stand and walk six hours per day." *Id.* at 3.  Plaintiff thus contends the Magistrate Judge "erred in suggesting that Dr. Benoit's opinion did not need to be discussed in light of the other opinions of record." *Id.*  The Court is unpersuaded.

Contrary to Plaintiff's opinion, the ALJ compared the consistency of Dr. Benoit's opinion with the record as a whole, not just the other medical opinions in the record.  *See* 20 C.F.R. § 404.1527(c)(4) (explaining an opinion that is more consistent "with the record as a whole" will receive more weight).  Here, the ALJ held Dr. Benoit's findings were consistent with the record as a whole.  Tr. at 26.  Specifically, the ALJ stated Dr. Benoit's findings were "well supported by objective diagnostic testing, her trained observations, an impartial analysis of the evidence of record, and a well-reasoned conclusion." *Id.*  Elsewhere in the decision, the ALJ cited the absence of objective findings and a lack of complaints from Plaintiff to her primary care physician, Dr. Catherine Toomer, between October 2011 and January 2013.  *Id.* at 25-26.  She also placed significant emphasis on Plaintiff's activities of daily living and the fact that Plaintiff's physicians had not recommended more aggressive treatment.  *Id.* at 27.  She concluded Plaintiff was not

4

"symptom free" at all times, but was not limited to the degree she alleged since her claimed onset date. *Id.* Ultimately, the ALJ assessed an RFC based on objective findings, Plaintiff's subjective complaints, and the limitations advanced by the consultative and reviewing physicians. *Id.*

Moreover, as explained by the ALJ and the Magistrate Judge, Dr. Benoit did not offer an opinion on Plaintiff's ability to work or give functional limitations, but rather "merely reported her observations and objective findings and assessed diagnoses." ECF No. 18 at 18 (citing Tr. at 26). Therefore, a requirement to compare Dr. Benoit's observations to the functional limitations assessed by Dr. Toomer and Dr. Darla Mullaney would be problematic. The ALJ noted Dr. Toomer opined Plaintiff was unable to work full-time as a cashier, but provided no explanation for that opinion. Tr. at 26. The ALJ also cited the absence of objective findings in Dr. Toomer's records. *Id.* at 25-26. Furthermore, as a non-treating, non-examining physician, Dr. Mullaney could cite none of her own observations. *Id.* at 26-27. Because Dr. Toomer and Dr. Mullaney offered no observations akin to those of Dr. Benoit, it would have been inappropriate for the ALJ to compare their opinions regarding functional limitations and Dr. Benoit's observations. Consequently, holding the ALJ's decision on this issue is supported by substantial evidence, the Court will overrule Plaintiff's first objection.

Second, Plaintiff insists the Magistrate Judge erred in inferring an analysis by the ALJ that is unclear from the opinion as written. ECF No. 19 at 3-4. Plaintiff claims the Magistrate Judge inappropriately connected the time Plaintiff spent standing during her part-time work with the ALJ's decision to ignore the state agency medical consultants' opinions, a connection the ALJ purportedly failed to make. *Id.* at 4. Further, Plaintiff propounds the Magistrate Judge unfairly represented the extent of Plaintiff's part-time work. *Id.* The Court disagrees.

"An ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). But, the "ALJ may not select and discuss only that evidence that favors [her] ultimate conclusion, but must articulate, at some minimum level, [her] analysis of the evidence to allow the . . . [C]ourt to trace the path of [her] reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (4th Cir. 1995). That said, although the ALJ "must build an accurate and logical bridge from the evidence to her conclusion," *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001), the Court "will nonetheless give the opinion a commonsensical reading rather than nitpicking at it," *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted).

Here, the ALJ indicated Dr. Mullaney found Plaintiff "could perform work at the light exertional level" but only that which allowed she be able to "sit about six hours in an eight hour workday." Tr. at 26. Although Plaintiff argues Dr. Mullaney's statement is consistent with sedentary, as opposed to light work, the lifting restrictions Dr. Mullaney concluded to be applicable are consistent with light work, similar to the RFC the ALJ assessed. *Id.* at 146-48 (finding Plaintiff could lift up to 10 pounds frequently and 20 pounds occasionally); *see* 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."). Thus, the ALJ's recognition that Dr. Mullaney specified Plaintiff could sit for six hours merely shows she recognized Dr. Mullaney was not suggesting Plaintiff could perform the full range of light work.

The ALJ stated the RFC assessment was "generally consistent" with Dr. Mullaney's evaluation, recognizing some deviation between the RFC she assessed and Dr. Mullaney's evaluation. *Id.* at 27. Both the ALJ and Dr. Mullaney found Plaintiff could only occasionally

operate foot pedals with her right lower extremity; lift up to 10 pounds frequently and 20 pounds occasionally (although Dr. Mullaney specified these weights and the ALJ only specified an ability to perform light work, which includes these lifting restrictions); could not crouch, crawl, or climb ladders, ropes, or scaffolds; could occasionally climb ramps or stairs, balance, and kneel; and must avoid hazards, such as dangerous machinery and unprotected heights. *Compare id.* at 24, *with id.* at 146-48. Furthermore, it was reasonable for the ALJ to state her RFC assessment was "generally consistent" with Dr. Mullaney's RFC findings where she adopted ten of the eleven limitations Dr. Mullaney suggested—operation of foot pedals; weight to be lifted occasionally; weight to be lifted frequently; inability to crouch, inability to crawl; inability to climb ladders, ropes, or scaffolds; occasional ability to climb ramps or stairs; occasional ability to balance; occasional ability to kneel, and requirement to avoid hazards—and rejected one—length of time to stand during an eight-hour day.

Moreover, the ALJ addressed Plaintiff's abilities to sit and stand and stated that "[e]ven with some credit given to her statements," the evidence supported she could work. *Id.* at 27. The ALJ acknowledged Plaintiff testified she worked "five to six hours a day" in her part-time job and considered Plaintiff's ability to perform that job as one factor that lessened the credibility of her allegations. *Id.* at 25, 27. To the extent Plaintiff argues this was the only factor the ALJ considered, her argument lacks merit. The ALJ explained she found Plaintiff could work based on the facts she had been employed on a part-time basis for the past five months; lived alone; cared for her personal needs without assistance; cooked; did housework; drove herself to and from work; and shopped. *Id.* She also indicated Plaintiff had undergone no knee surgery; had received no injections; and had not been referred for physical therapy. *Id.* at 27.

7

Here, "[c]ertainly, the ALJ could have done a better job in explaining the bases for finding that [Plaintiff] is not disabled under the Act. But, the fact that the ALJ could have offered a more thorough explanation for [her] decision does not change [the Court's] conclusion that substantial evidence in the record supports that decision." *See Dunn v. Colvin*, 607 F. App'x 264, 276 (4th Cir. 2015); *see also Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 100-01 (4th Cir. 2015). Additionally, to the extent that the ALJ could have done a better job in explaining her decision, "if the [ALJ's] decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." *Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (internal quotation marks omitted). This is such a case. Therefore, discerning no legal error, and holding the ALJ's decision on this issue is supported by substantial evidence, the Court will overrule Plaintiff's second objection as well.

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendant's final decision denying Plaintiff's claims for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 19th day of September, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

8